MINEOLA TRIBE NO. 114, IMPROVED ORDER OF RED
  MEN, OF LEITERSBURG, MARYLAND, *vs.* ALICE S.
  LIZER, NOW ALICE S. FUNK, JOSEPH W. WOL-
  FINGER, EXECUTOR OF THOMAS J. RIDENOUR, DE-
  CEASED, FRANK J. RIDENOUR, CHARLES C.
  RIDENOUR, DECEASED, FRANK COTT, GER-
  TRUDE E. BURKETT, MOLLIE MELOTT.

*Mutual beneficial societies: right of beneficiary to dispose of*
  *fund; by will; to whom payable.   By-Laws:*
  *effect of on members.*

The By-Laws of the Mineola Tribe No. 114, Improved Order
  of Red Men (sec. 9, Art. 14) designate the beneficiaries to
  whom the money shall be paid upon the death of a member,
  as the "widow, orphans, parents or attested order, as the case
  may be, etc."   The funds of the society are a contribution
  by the order to be presented in the name of the tribe on the
  death of the member to the beneficiaries named.   *Held,* that
  the By-Laws do not authorize a member to dispose of the fund
  by will.                                             p. 139

When a member in such an organization dies leaving no widow
  the fund is payable to the child.                    p. 140

The contract of membership in the mutual benefit association
  relates to the By-Laws and rules of the association, and they
  form part of the contract.                           p. 140

A will is not an "attested order" within the meaning of the
  By-Laws.                                             p. 141

*Decided January 9th, 1912.*

Appeal from the Circuit Court for Washington County
(KEEDY, J.).

Submitted to BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS, PATTISON, UNER and STOCKBRIDGE, JJ.

*Joseph W. Wolfinger* filed a brief for the appellant.

*Wagaman & Wagaman* filed a brief for the appellees.

BURKE, J., delivered the opinion of the Court.

A bill of interpleader was filed by the appellant, in the Circuit Court for Washington County, on the 25th of January, 1910, to establish the true owner or owners, of the fund here in controversy and alleging that the plaintiff was ready and desirous of paying the money into Court, to avoid suits at law by the claimants thereof.

The plaintiff disclaims any interest in the money and is ready and willing to distribute the fund to the proper owner or owners entitled to it.

The facts upon which the decision of the case must turn, briefly stated are these : The Mineola Tribe No. 114, Improved Order of Red Men, of Leitersburg, Washington County, Maryland, is a fraternal and beneficial society or association, duly incorporated and holding its meetings and transacting its business in this State. It appears that, one Thomas J. Ridenour, late of Washington county, deceased, was at the time of his death a member in good standing of this Association, and by its by-laws (Section 4, Article 19) upon the death of a member, the sum of not less than twenty dollars ($20.00), shall be paid by the society to the widow or heirs of the member for funeral expenses. And by section 9 and 10 of Article 14, of the order, it is provided, "that upon the death of a beneficial member should he leave a widow or orphans, parents, or attested order a contribution of ($180) fathoms shall be presented by the Sachem and keeper of Wampum, in the name of Mineola Tribe No. 114, Imp'd. O. R. M. to such widow, orphans, or parents or attested order as the case may be for their use and benefit which shall be

paid within one moon after the death of a brother. And in case the widow or orphans or parents are considered incompetent to take proper care of the wampum there shall be a guardian or trustee as the case may be, appointed, into whose hands shall be paid, the amount as provided in section 9, in trust for said beneficiaries, who shall report regularly and exhibit his acount every six moons to the tribe, who may be removed at the option of the tribe."

The bill further avers, that Thomas J. Ridenour, late of Washington county, was, at the time of his death, a member of the society in good standing, that he departed this life on the 2nd day of April, 1909, leaving a last will and testament in which he bequeathed to Alice S. Lizer, now Alice S. Funk, all the sick and death benefits which may be due him, at the time of his death from the order, and Joseph W. Wolfinger has qualified as executor of the will, which has been duly admitted to probate in the Orphans' Court of Washington County.

The bill, then, avers, that the fund is claimed and demanded by Wolfinger as executor, on behalf of Alice S. Funk the legatee named in the will and also by the children and heirs at law of Thomas J. Ridenour, deceased.

Upon this bill and exhibits, the Court on the 31st day of January, 1910, passed a decree of interpleader, directing the fund to be paid into Court to the credit of the cause, that the parties interplead, and that Joseph W. Wolfinger, executor be the plaintiff and Frank J. Ridenour, Charles C. Ridenour, Sadie E. Wolcott, Gertrude E. Burkett, and Mollie Melott, children and heirs at law, of Thomas J. Ridenour, and Alice S. Funk, the devisee, be the defendants.

The case was heard upon the bill, petition and answer of the respective parties claiming the fund, and from a decree of the Court, directing the fund to be paid to the children and heirs at law, of Thomas J. Ridenour, this appeal has been taken.

The essential facts of the case are admitted and conceded, by the pleadings, and the principal questions presented by

the proceedings are first, whether under a proper construction of the by-laws of the Mineola Tribe, a member of the order, can dispose of the benefits, or wampums, by will, and secondly, whether a will is an "attested order," within the meaning and contemplation of the by-laws of the Association.

In this case we have the beneficiaries plainly named and designated in the by-laws (section 9, Article 14) of the order, to whom the money shall be paid, upon the death of the member, and they are, "the widow, orphans or parents or attested order, as the case may be, for their use and benefit, which shall be paid one moon after the death of a brother."

The fund or fathoms of wampum, were a contribution by the order to be presented by the Sachem and keeper of Wampum in the name of the tribe, upon the death of the member, to the widow, orphans or parents, as the case may be, for their use and benefit and were not payable to the deceased or for his benefit. There being no provision in the by-laws of the association authorizing a member to dispose of the fund by will, and the fund not being his property, the will could not in any way operate upon it, and it can not pass under his will to the legatee named therein.

In *Benefit Society* v. *Clendinen,* 44 Md. 429, this Court said, in considering the nature and extent of the interest of the member of a mutual benefit association in the proceeds of a policy of insurance, held, that the will did not operate upon it, because as the insurance was not payable to the deceased or to his benefit, it was not his property and did not go as assets to his administrator. And to the same effect are the cases of *Yoe* v. *The Howard Association,* 63 Md. 91; *Cowman* v. *Rogers,* 73 Md. 403; *Thomas* v. *Cochrane,* 89 Md. 402; *Condon* v. *Reserve Association,* 89 Md. 123; *Dale* v. *Brumbly,* 96 Md. 676; *Goodman* v. *Lodge,* 67 Md. 128.

The decisions of this Court, uniformly hold, that these associations are of a beneficial character and have for their general object and purpose mutual aid and protection of the families and near relatives of the deceased members. While they differ as to the persons who may be named as benefici-

aries and in their various insurance features as to whom the money shall be paid upon the death of the member, the contract of membership relates to the by-laws and rules of the association and these are a part of the contract.

We think, it is clear, that the member in this case, had no property in the fund here in controversy, that could pass under his will, and as he left no widow surviving him, the money is properly payable to his children. Sections 9 and 10 of Article 14 of by-laws of the tribe; Article 23, sections 210-223 of Code of Public General Laws (1904).

Manifestly, a will can not be held to be "an attested order," within the meaning of the by-laws of the Mineola Tribe whereby the member can dispose of the fund, because section 10, provides, that in case the widow or orphans or parents are considered incompetent to take proper care of the wampum there shall be appointed a guardian or trustee to hold the fund in trust for the beneficiaries, who shall report to the tribe and who can be removed by the tribe.

Assuming, for the purposes of this case, that a beneficial member of the tribe can change and designate another as a beneficiary, by "an attested order," it is quite certain that this was not done in this case, in the lifetime of the member and with the consent of the tribe.

Section 210 of Article 23 of the Code of Public General Laws, sub-title "Fraternal Beneficiary Societies, Orders or Associations," provides that a benefit shall not be assignable except to the beneficiaries named in the section, and then only by the consent of such association, attested by its seal and the signature of its supreme secretary and its supreme executive officer, but the member may surrender his benefit certificate and have a new one issued to any one or more of the beneficiaries named in the manner provided by the constitution and laws of such association. *Dale* v. *Brumbly,* 96 Md. 678.

There is no power conferred upon a beneficial member in the by-laws of the order to dispose of the fund or wampums, by will, and as we have held, that a will is not "an attested

order" as contemplated by the tribe the decree of the Circuit
Court for Washington County, dated the 5th day of May,
1911, directing the fund to be paid to the children and heirs
at law of Thomas J. Ridenour, deceased, in equal portions,
will be affirmed, the costs in this Court and the Court below
to be paid by the plaintiffs, under the decree of interpleader.

*Decree affirmed, with costs.*