ADALINA MONIZI, INDIVIDUALLY AND AS EXECUTRIX UNDER THE WILL OF JACINTHO P. FELINA, DECEASED, *v.* SOCIEDADE PORTUGUEZA DE SANTO ANTONIO BENEFICENTE DE HAWAII, A CORPORATION.

SUBMISSION UPON AGREED STATEMENT OF FACTS.

ARGUED MAY 27, 1913.                    DECIDED JUNE 5, 1913.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

MUTUAL BENEFIT INSURANCE—*designation of beneficiary—power of appointment.*

The mortuary benefit which becomes payable on the death of a member of a benefit society forms no part of his estate. The right of the member to designate a beneficiary under the contract of membership is a power of appointment which, generally speaking, may be exercised only in accordance with the terms of the contract.

Monizi v. Santo Antonio Society, 21 Haw. 591.

SAME—*by-laws—designation by will—waiver.*

Where the by-laws of a benefit society prescribe a form to be used by members in designating beneficiaries of death benefits, and provide that "the society does not accept or recognize the validity of any provision or provisions made in any documents disposing of the benefit or part of the same except the declaration which has been duly made out in conformity with the by-laws," the designation of a beneficiary in a will filed with the society does not constitute a valid designation, and the mere receiving and filing of the will by the society will not operate as a waiver of the by-laws so as to estop the society from setting up the invalidity of the designation in an action brought against it to recover the amount of the benefit.

### OPINION OF THE JUSTICES BY ROBERTSON, C.J.

This is a submission on agreed facts. One Jacintho P. Felina died on May 13, 1912, at South San Francisco, County of San Mateo, California, being at the time of his death a member in good standing of the defendant society, a mutual benefit society which is duly incorporated under the laws of Hawaii; the society maintained an agency in Oakland, California, through which the deceased, up to the time of his death, paid his dues and received sick benefits; upon the death of any member in good standing the society is required by the terms of its by-laws to pay a mortuary benefit to the person or persons designated by the member in a formal declaration filed with the society, or, in default of such declaration, the benefit to be paid to the widow, children, or other relatives of the member, and, in default of any such relatives, eighty per cent. of the benefit would revert to the society and the balance be used to defray the funeral expenses of the member; the amount of the benefit in this case was $1700; the deceased executed a will on the 13th day of June 1911, which was forwarded to the society in the month of February 1912; and, after the testator's death the will was admitted to probate in California, the plaintiff being appointed as executrix; the will on being received by the society

was filed but was not placed before the directors of the society, the custom being not to take up the consideration of such matters until after the death of the member; after the death of Felina his will was placed before the directors for their consideration; by this will the testator bequeathed to his cousin, the plaintiff herein, all his estate including all his "right, title and interest in and to life insurance and all other benefits in the 'Sociedade Portuguesa de Santa Antonio Beneficienti de Hawaii;'" the directors of the society held that the will was not a declaration which complied with the requirements of the by-laws and declined to allow the plaintiff's claim to said mortuary benefit.

The by-laws which have a bearing on the case, translated from the original Portuguese, are the following: Article 5 (Chap. 12) provides that the benefit "shall be paid to the person or persons whom the member has indicated by written declaration, to the supreme board; there existing no declaration disposing of the benefit the same shall be paid to" the widow, children, father or brothers of the member according to certain enumerated circumstances. Article 7 declares that the benefit shall not be considered as being of the estate of the member, and provides that "The society does not accept or recognize the validity of any provision or provisions made in any documents disposing of the benefit or part of the same, except the declaration which has been duly made out in conformity with the by-laws." And Article 21 provides that "When the member desires to make a declaration relative to the disposition of the benefit, he shall, at all time when practicable, require of the office of the society or of the agent of the district in which he resides, a form of the formality below indicated, and for which he shall pay 25 cents." Then follows a blank form designed to be signed by the member in the presence of witnesses, with spaces for the member's name, his membership number, names of the persons to whom he wishes the mortuary benefit to be paid, and the date of execution.

It is not claimed that it was not practicable for the deceased to have obtained and used one of the blank forms which the society furnishes. The plaintiff contends that there was a substantial and sufficient compliance by the deceased member with the requirements of the by-laws relating to the designation of a beneficiary, and that she was so named as the beneficiary; and that if there was not such sufficient designation or declaration the society waived a compliance with its by-laws and is now estopped from refusing to recognize the will as a valid declaration.

The mortuary benefit which became payable on the death of the deceased member formed no part of his estate. The right of the member, based upon the contract of membership as evidenced by the by-laws, was to designate a beneficiary—a power of appointment. This is conceded by plaintiff's counsel. Generally speaking, the execution of such a power must be in compliance with the terms of the contract of membership, otherwise it will be invalid. 1 Bacon on Benefit Societies and Life Insurance (3d ed.) Sec. 239; *Eastman* v. *Association,* 62 N. H. 555; *Supreme Conclave* v. *Cappella,* 41 Fed. 1, 4; *Gray* v. *Sovereign Camp, etc.,* 106 S. W. (Tex.) 176, 179; *Police Relief Assn.* v. *Tierney,* 116 Mo. App. 447, 462, 470. In *Mellows* v. *Mellows,* 61 N. H. 137, it was held that a gift of a fund payable by a mutual benefit association contained in the will of a deceased member was not a compliance with a rule of the association which specified the beneficiaries "unless otherwise ordered in writing by the deceased member, such order to be signed by two witnesses and acknowledged before a justice of the peace." See also *Mineola Tribe, etc.,* v. *Lizer,* 117 Md. 136, 140. The by-laws may, of course, expressly authorize the designation of beneficiaries by will. *Estate of Alexandre,* 19 Haw. 551.

Members are presumed to know the by-laws and, if they are reasonable and legal, are bound by them. It is not con-

tended that the by-laws of the defendant society are unreasonable or otherwise invalid. By-laws precluding the designation of beneficiaries of mortuary benefits by will have been recognized as valid and binding. *Thomas* v. *Covert,* 126 Wis. 593, 597. In that case it was well said of a provision against dispositions by will, "This is in effect an agreement by the certificate holder to forego the right to dispose of the proceeds of this contract by will and it precludes him from making disposition of them in this manner." The by-law of the defendant (Art. 7) which provides that the society does not accept or recognize as valid any disposition of a benefit contained in any document other than the declaration prescribed amounts to an express prohibition against the designation of beneficiaries by will, and destroys any force there might otherwise have been in the argument that Article 21 is to be regarded as merely directory and that the will in question, which specifically designates the plaintiff as the beneficiary of the fund, was a substantial compliance with its provisions, and, as such, constituted a valid declaration. A designation by will filed with the society, even if it might be regarded as a substantial compliance with Article 21, if that article stood alone, could not be accepted as such without violating Article 7. We conclude that as the deceased member made only an invalid designation, the plaintiff is not entitled to judgment unless it be on the second ground urged, i. e. that the defendant has waived a compliance with its by-laws and is estopped to ignore the designation made in the will.

That a mutual benefit society may voluntarily waive provisions contained in its by-laws where those provisions were designed for the benefit or protection of the society itself is well settled. *Splawn* v. *Chew,* 60 Tex. 532; *Manning* v. *A. O. U. W.,* 86 Ky. 136; *Kimball* v. *Lester,* 59 N. Y. S. 540; *Hall* v. *Allen,* 22 So. (Miss.) 4. The question now presented, however, is not whether the defendant intended voluntarily to waive the by-law for, clearly, it did not so intend, but whether

it is bound by the alleged waiver operating as an estoppel. There is no doubt but that under some circumstances a waiver will amount to or operate as an estoppel, and, in insurance law, usually does so. The plaintiff cites *Kepler* v. *Supreme Lodge, etc.,* 45 Hun 274. The statement there made that "the retention of the will by said lodge without any objection to the form or manner of designation constitute a waiver of any defect or irregularity in such designation or disposition," was not necessary to the decision since the court held that the will did constitute a valid designation. The rules of the society impliedly permitted designations by will, and the circumstances otherwise differed from those of the case at bar. *Hellenberg* v. *I. O. B. B.,* 94 N. Y. 580, was also cited. It was there said (p. 586) that if the will had been presented to the lodge in the lifetime of the member "it would have been good as a designation although not yet operative as a will." But there, again, the rules were such as to permit the making of declarations by will if communicated to the lodge.

In the case at bar the alleged waiver arose out of the retention of the will by the society and the failure to notify Felina that it was not valid as a declaration under the by-laws. But the member was charged with knowledge of the by-laws and is presumed to have known that a will could not be accepted. Article 7 of the by-laws contains not a mere permission or direction, but is in words of negation and prohibition. The designation by will was not a mere informality but an attempt to designate a beneficiary in a prohibited manner. We think the failure to call the member's attention to the fact that wills were not recognized by the rules of the society did not amount to a representation that his will would be made an exception and would be acted upon. In the absence of such a representation, or silence under circumstances which would be equivalent to a representation, the basis for an estoppel is lacking. We hold

that the defendant is not estopped to deny the validity of the declaration contained in the will.

Judgment for the defendant.

*W. B. Lymer* (*Thompson, Wilder, Watson & Lymer* on the brief) for plaintiff.

*A. D. Larnach* for defendant.

