## SOCIEDADE PORTUGUEZA DE SANTO ANTONIO BENEFICENTE DE HAWAII *v.* JOSE DOS PASSOS RODRIGUES.

SUBMISSION UPON AGREED STATEMENT OF FACTS.

ARGUED JANUARY 5, 1914.                    DECIDED JANUARY 21, 1914.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

MUTUAL BENEFIT INSURANCE—*expense incurred in suit to recover mortuary benefit.*

> A member of a benefit society having designated a beneficiary, thereafter designates the same beneficiary with others. In a suit brought by the beneficiary first named against the society to recover the mortuary benefit, the expense incurred by the society in the suit, under the by-laws of the society, shall be deducted from the benefit when paid, notwithstanding that the suit was decided in favor of the beneficiary and against the society.

OPINION OF THE JUSTICES BY DE BOLT, J.

This is a submission upon an agreed statement of facts. The facts thus agreed upon are substantially as follows: That the plaintiff is an incorporated benefit society, organized and existing under the laws of the Territory of Hawaii; that the defendant is now, and for many years has been, a resident of Honolulu and a member of the plaintiff society; that one of the objects of the society is the payment of the sum of $1,700 upon the death of any member of the society to whomsoever such member may designate in a declaration to be duly filed with the society; that this sum of $1,700 is obtained from a fund raised by assessment on the active members of the society and is collected and paid over by the society to the beneficiary or beneficiaries designated by the deceased member; that on January 26, 1912, and for more than five years prior thereto, one Joao Augusto Faria was a member of the society in good

standing and entitled to designate the person or persons to re-
ceive the above mentioned sum of $1,700 payable on his death;
that Faria died in Honolulu on January 26, 1912, having prior
thereto regularly filed with the society a proper declaration
designating the defendant as his sole beneficiary; that on Janu-
ary 20, 1912, A. D. Castro, clerk of the society, received from
Faria a declaration purporting to revoke the first declaration,
which declaration of January 20, 1912, was also filed with the
society; that the beneficiaries named in the declaration of Janu-
ary 20, 1912, except the defendant who was also named therein
as one of the beneficiaries, are residents of Portugal and Brazil;
that one of the claimants residing in Portugal having duly pre-
sented his claim to the society for payment, and the defendant
having also duly presented his claim under the first declaration,
the supreme board of the society thereupon considered the mat-
ter respecting the conflicting claims and refused to recognize the
first declaration, holding that the second declaration was valid;
that the defendant upon his claim being rejected brought suit in
the circuit court of the first circuit against the society and
recovered judgment for the sum of $1,700 and costs taxed at
$91.90, which amount ($1,791.90) the society paid; that prior
to such payment, however, the society demanded from the de-
fendant (Rodrigues) its expenditures in the above mentioned
litigation, with which demand the defendant refused to com-
ply; that the society expended in the litigation mentioned the
sum of $150 as counsel fees, which was reasonable for the ser-
vices rendered, and $25.70 in witness fees; that the society
defended the suit above mentioned on the theory that the first
declaration was revoked by the second declaration; that Article
15 (Chap. 12) of the by-laws of the society provides that "Any
expense incurred by the society in verifications, judicial litiga-
tion and advertisements which may be indispensable, or for the
transferring of funds, shall be to the charge of the parties
claiming the mortuary benefit and shall be deducted from the
same when paid"; that "the plaintiff claims that the defendant,

being the sole beneficiary  *  · *  *  , should pay the sum of $267.60, being the costs of the litigation above set forth, on the ground that these expenses were incurred by the society in good faith and under the belief that nothing but a judicial proceeding could determine which of the two declarations should prevail"; that "the society interprets the by-laws to mean that where, in the exercise of honest judgment, they determine that a judicial proceeding is necessary to determine the beneficiaries of the fund that in such a case whether the society wins or loses the said society is entitled to its necessary expenses under the by-laws and such expenses are to be borne by the beneficiaries;" that "the defendant claims that the expenses referred to in Article 15 do not refer to the cost where the society, through its supreme board unjustly withholds from the beneficiary the funds due him and that the expenses referred to in the by-laws are expenses necessary to establish either the whereabouts, the relationship or other matters in connection with the beneficiary and not to be used up in contest against him."

The question thus presented by the submission for determination is, whether the plaintiff is entitled to recover from the defendant the sum of $267.60. This question necessarily involves the construction of Article 15 and also the question as to whether it is a reasonable by-law.

The defendant contends that Article 15 "merely refers to expenses necessarily incurred by the society in verifying or upholding the beneficiary's claim, such as the taking of testimony in foreign countries, the paying of fees for necessary certificates, the retaining of counsel in order to protect the beneficiary and such matters that would legitimately be a part of the protection of said fund," and that "in the case at bar the society places itself in a position of hostility to the defendant."

The by-laws of a benefit society, when properly adopted, measure the duties, rights and liabilities of the members.  1 Bacon on Benefit Societies and Life Insurance (3d ed.) §79. The right of a member in the sum agreed to be paid at his

death forms no part of his estate, but is merely a right or power in him to appoint the beneficiary who is to receive the benefit upon his death. Id. §237; *Monizi* v. *Santo Antonio Society,* 21 Haw. 591, 594. And it follows, necessarily, that the beneficiary must take, if at all, solely by virtue of the by-laws, which measure his rights as well as those of the member. In other words, the beneficiary named by a member is bound no less by the by-laws than the member himself; and the member in accepting membership accepts the by-laws and, if they are reasonable and legal, he is bound by them and conclusively presumed to know them. 1 Bacon, *supra,* §81. It follows, therefore, that a beneficiary claiming the benefit conferred upon him by a member of the society must accept, as incident thereto, whatever burden or liability may accompany such benefit. He cannot accept the benefit and reject the burden or liability incident thereto. They are inseparable.

What right then did the by-laws give to the defendant as the beneficiary of Faria? Faria being a member in good standing had the right, under Article 5 of the by-laws, to indicate "by written declaration, presented to the supreme board," the person or persons to receive the "death benefit fee," which is measured by Article 4, but cannot exceed the sum of $1,700. Then follow (including Articles 6, 7 and 13) certain provisions respecting the disposition of the fund by the society to certain beneficiaries who take the benefit, in the event the member fails to name a beneficiary, or for some reason the beneficiary named cannot or does not take it. Articles 8 and 9 provide that the supreme board shall pay these death benefit fees to the beneficiaries in consecutive order, but may require satisfactory proof before making such payment. Articles 10 and 11 indicate the proof required and what shall be done with the fund if such proof cannot be obtained. Article 12 provides that the benefit shall be paid only from certain funds and that no interest shall be paid during the time any benefit remains unpaid. Article 14 provides that claims shall be presented within a certain time

by the beneficiaries. Article 15 provides, as we have already observed, that any expense connected with the awarding of the benefit, "judicial litigation" included, shall be deducted from the amount of the benefit.

It will thus be observed from the provisions of the by-laws which we have above alluded to, that the society contemplated the possibility of various contingencies and situations arising and conflicting claims being presented with attendant expense and litigation. That there would be expense and litigation in connection with the claims of beneficiaries, from time to time, it was reasonable to expect and proper that provision should be made to meet it. Thus viewing the situation it seems clear that the expense incurred by the society in defending the suit brought against it by Rodrigues was reasonable and "indispensable," and clearly within the terms, as well as within the reason and spirit, of Article 15. That Article 15, as applied to the facts agreed upon, is a reasonable and proper by-law, there seems to be no room for question. It applies to all the members and beneficiaries alike, and in its application it tends to promote the well-being of the society as well as its members individually. Its purpose is to conserve and protect the funds in its keeping for the benefit of its members and beneficiaries to be named by the members, or those provided for by other by-laws of the society. 1 Bacon, supra, §85.

The fact that the suit was determined in favor of Rodrigues and against the society is immaterial. There is nothing in the record tending to show that the society unjustly withheld the benefit from the defendant, or that it placed itself in a position of hostility to the defendant, or that it was actuated by any improper motive, or defended the suit upon any theory other than for the benefit of all the members and to conserve the fund for the member legally entitled to designate a person or persons to receive it as a beneficiary or beneficiaries. The expense of the litigation was a necessary incident. It was in-

dispensable under the circumstances disclosed by the record before us.

We, therefore, hold that the plaintiff is entitled to judgment against the defendant for the sum of $267.60 and costs.   Judgment may be entered accordingly.

*A. D. Larnach (F. Schnack* with him on the brief) for plaintiff.

*L. Andrews* for defendant.