LUNSFORD *v.* JUNIOR ORDER OF THE UNITED AMERICAN
MECHANICS *et al.*

(*Nashville,* December Term, 1933.)

Opinion filed January 16, 1934.

GAMBLE, GODDARD & GAMBLE, of Maryville, for plaintiff in error.

KRAMER & KRAMER, of Maryville, for defendants in error.

MR. JUSTICE COOK delivered the opinion of the Court.

The controversy is over a $500 funeral benefit payable by the funeral benefit department of the Junior Order upon the death of Gordon Phillips. Mrs. Lunsford, sister of Phillips, claims it by force of his will duly probated. Mrs. Pauline Phillips, the widow, claims it under laws of the society. Confronted by these conflicting claims, the local council of the society refused to pay the benefit, and Mrs. Lunsford sued the society and joined Mrs. Phillips as a defendant. The society filed an answer in the nature of an interpleader and asked for direction of the court. The chancellor held that the by-laws, made for the benefit of the society, could be enforced by it alone, and, the society being indifferent as between the claimants, the will in which Phillips gave the fund to his sister should prevail.

The Court of Appeals held that the fund was pay-

able to the widow, impressed with a trust (1) for payment of funeral expenses; (2) the expenses of Phillips' last illness; and (3) the balance to be retained by the recipient. The Court of Appeals remanded the cause, with a direction that the chancellor accordingly distribute the fund. The cause is here upon *certiorari* to the Court of Appeals. The result depends upon the laws of the society. Where a law of the society designates the beneficiaries or a restricted class of beneficiaries, neither the society nor the member, nor the two combined, can, directly or indirectly, divert the fund from those designated. 1 Bacon, Life and Accident Insurance, section 401; 45 C. J., 171; *Hawkins* v. *Duberry,* 101 Miss., 17, 57 So., 919; *Passaconaway Council* v. *Dow,* 78 N. H., 580, 97 A., 878; *Mineola Tribe* v. *Lizer,* 117 Md., 136, 83 A., 149, 42 L. R. A. (N. S.), 1170; *Brinsmaid* v. *Iowa State Association,* 152 Iowa, 134, 132 N. W., 34, 42 L. R. A. (N. S.), 1164, Ann. Cas., 1913B, 1282; *Supreme Lodge* v. *Sylvester,* 116 Me., 1, 99 A., 655, L. R. A., 1917C, 925.

The laws of the society are brought into the record. Sections 1, 2, and 3, laws of the National Council, set up a funeral benefit department, provide the benefit of $500, payable at death of members in good standing, and generally direct how they should be disbursed.

By section 10 the local councils are required to adopt by-laws providing for the payment of funeral benefits to the legal dependent of a deceased member. In conformity with that requirement of the national laws, section 4 of the by-laws of the local council was passed. It provides that, upon receipt of funeral benefits from the funeral benefit department, the sum of $500 shall be paid to the widow or dependent of a deceased member. If he

leave no dependent and does not otherwise provide, so much as remains after interment shall revert to the national benefit treasurer. This section of the by-laws concludes with ''See Funeral Benefit Law.''

Section 16 of the revised laws of the funeral benefit department of the National Council provides:

''. . . The fund so received shall be applied by the Council as provided by the laws thereof and the laws of the State of its domicile.

''In default of there being any legal dependent of such deceased member, the Council may appropriate toward the payment of the expense of the last sickness and of the funeral expense of the deceased, so much as may be necessary for that purpose, not exceeding the amount to which said member would be entitled, and if after said payment there shall be any amount remaining, then such excess shall revert to the National Council and be placed to the credit of the same fund from which it was drawn with a statement and receipt of such sums expended.

''Provided, however, that if it becomes necessary for the Council to take charge of the funeral of the deceased Brother, or to bind itself for his funeral expenses in order to give him proper burial, then such Council may retain out of such death claim, such necessary expenses, and the balance, if any, shall be paid as hereinbefore directed.''

General section 530 of the constitution and national laws of the society provides:

''No Council nor any of its officers or members shall have the power to waive any of the provisions of these laws and the same shall be binding upon the Funeral Benefit Department and each and every Council thereof,

and all legal dependents of deceased members of such Councils.''

General section 523 of the laws of the National Council is the same as section 16 of the revised laws of the funeral benefit department, which has been quoted.

■ ■ Whatever right Phillips, the member, had over the funeral benefit was by virtue of the laws of the society, for that constituted the contract between him as a member and the society to which he belonged. Whatever rights his widow had to the fund, payable on the death of her husband, was dependent upon the same contract. The right of the member to change the beneficiary was also dependent upon the laws of the society, in the absence of a regulatory statute. *Lamothe* v. *Societe St. Jean Baptiste,* 244 Mass., 189, 138 N. E., 899. There being no regulatory statute in this state, the laws of the society prevail. They are binding upon the member. He could no more change the beneficiary whose rights are definitely fixed by the laws of the order than he could change a beneficiary with rights definitely fixed by a contract. No right to change the beneficiary was reserved to Phillips in any by-law or regulation of the society. The beneficiaries are expressly designated and limited in the by-laws, and the member is given no option. He cannot designate beneficiaries, except where there is no widow. Moreover, he is given no transmissible interest by the laws of the order that he could dispose of by will. *Modern Woodmen* v. *Puckett,* 17 L. R. A. (N. S.), 1083, note.

The first recipient of the funeral benefit prescribed by the laws of the society is the widow, next a dependent, and, if no widow or dependent, the local council is required to give the member burial from the $500 funeral benefit and restore the excess to the National Council.

■ While the fund is made payable to the widow, if any widow, she receives it impressed with a trust for payment of all funeral and burial expenses of her husband, and the fund must be first applied to that use. 45 C. J., 260; *Oster* v. *Ohlman,* 187 Ky., 341, 219 S. W., 187; *Stillman* v. *Friendship Lodge,* 84 N. J. Eq., 399, 93 A., 685. Since the laws of the society direct that the funeral benefit be paid to the widow without reservation, it follows that, after she has paid the funeral expenses, she may retain and use the surplus. No provision is made in the by-laws for a reversion of the surplus where the member leaves a widow or dependent to receive the fund.

The decree of the Court of Appeals is modified so as to exclude the charge of expenses for last illness. No law of the order authorizes an allowance of this item of expense. With this modification, the decree of the Court of Appeals is affirmed, and the cause remanded to the chancery court for further proceedings not inconsistent with this opinion.