KAPAIA STORE, LIMITED, *v.* MANUEL S. HENRIQUES, DEFENDANT; SOCIEDADE PORTUGUEZA DE ST. ANTONIO BENEFICENTE DE HAWAII, GARNISHEE.

No. 2218.

Submitted July 1, 1935.        Decided August 30, 1935.

Coke, C. J., Banks and Peters, JJ.

OPINION OF THE COURT BY COKE, C. J.

The bill of exceptions of Mary Teixeira Henriques and Manuel S. Henriques, brought here from the circuit court of the fifth judicial circuit, assailed an order of the circuit judge allowing a cost bill of Sociedade Portugueza de St. Antonio Beneficente de Hawaii, garnishee, in the sum of $141 for attorney's fees and expenses incurred by the garnishee in connection with the hearing of the above cause.

The controversy arises out of an action in assumpsit instituted by Kapaia Store, Limited, against Manuel S. Henriques, defendant, and Sociedade Portugueza de St.

Antonio Beneficente de Hawaii, garnishee. It appears that one Joao Souza Marcella, now deceased, was a member of the garnishee society and that upon his demise his so-called death benefits were payable by the society to such person or persons as he might designate. Accordingly he named defendant, M. S. Henriques, and his wife, Mary Teixeira Henriques, as such beneficiaries, all in accordance with the by-laws of the society. Subsequently Marcella died and there became due to Mr. and Mrs. Henriques from the society as aforesaid the sum of $1500. The defendant, M. S. Henriques, thereupon purported to assign his interest in the fund to his wife, Mary Teixeira Henriques. Shortly thereafter Lucille Pinheiro brought an action in the district court of Honolulu against M. S. Henriques, naming the society as garnishee, following which the present suit was instituted by plaintiff. Mrs. Henriques made demand upon the society for the full amount involved. Confronted with this situation and it appearing that there were conflicting claims to the fund the garnishee deposited the entire amount in court and filed an application for interpleader, praying that Mrs. Henriques and Lucille Pinheiro be cited and compelled to interplead and state their respective rights to the fund. The application was granted and both parties appeared and filed separate answers.

The matter came on for hearing and the garnishee appeared by its attorney and one of its officials, who was also a witness, both being required to travel from Honolulu to be present in court at Lihue, Kauai, in the fifth judicial circuit.

Upon the hearing of the cause the court found that neither the defendant nor Lucille Pinheiro had any interest in the sum involved but that the same belonged to Mary Teixeira Henriques. The society having been put to some expense in connection with the hearing thereupon presented to the court a cost bill in the sum of $141, requesting

payment thereof out of the fund on deposit. The court, over the objection of appellants, allowed the claim and ordered payment to the garnishee out of the fund in question. The by-laws of the society, article 21, chapter 16, provide: "Any expense made by the society in verifications, judicial litigation and advertisements that are indispensable or for transfer of funds will remain to the charge of the parties that claim the endowment benefit, and shall be discounted from the same when it is paid."

The court below allowed the cost bill under the provisions of the above article of the society by-laws. Appellants argue that the expense in question was not indispensable but might have been avoided by the mere filing of the usual garnishee return by the society.

The record before us would indicate that claims to the fund in the hands of the garnishee were being asserted by persons not parties to the cause and that being so their presence in court became necessary in order that the conflicting claims might be adjudicated and settled—a result which could not have been achieved through the medium of a garnishee return.

The right to resort to interpleader in garnishee proceedings is recognized in this Territory by statute. (See § 2869, R. L. 1925, as amended by Act 70, L. 1927, and § 2839, R. L. 1925, as amended by Act 106, L. 1933.) This court, in *Santo Antonio Society* v. *Rodrigues*, 22 Haw. 4, defined the purpose and scope of the section of the society by-laws above quoted. This opinion supports the decision of the circuit judge in the present controversy and no sufficient reasons have been brought to our attention which would justify a contrary holding.

Finding no error in the record the exceptions are overruled.

*L. A. Dickey* for appellants.
*W. J. Robinson* for appellee.