SUPREME COMMANDERY OF THE UNITED ORDER OF THE
GOLDEN CROSS *vs.* SPENCER R. MERRICK, administrator,
& others.

Suffolk.     March 7, 1895. — April 2, 1895.

Present : FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Fraternal Order — Benefit Certificate — Interpleader — Foreign Law.*

A fraternal order, which, upon the surrender of a benefit certificate issued by it to
a member, issues to him in its place another certificate promising to pay a cer-
tain sum upon his death to a different person from the one named in the first
certificate, may maintain a bill of interpleader against both beneficiaries and
the administrator of the deceased member's estate to have it determined to
whom the fund shall be paid ; and it is immaterial that the beneficiary named
in the second certificate has paid the assessments and dues of the member since
a certain date.

HOLMES, J.   This is a bill of interpleader brought by a fra-
ternal order to have it determined to whom shall be paid a fund
due under a benefit certificate issued to a member now deceased.
It is stated in the bill that before the issue of the present certifi-
cate another one had been held by the member Clementine N.
Towne, in which one Nye and others, brothers and sisters of the
member and her next of kin, were named as beneficiaries, but
that that certificate was surrendered and the present one issued
in its place.   The beneficiaries named in the present certificate
are Joseph W. and Emma I. Chase.   The prayer of the bill
is that the first named beneficiaries as beneficiaries and next of
kin, the second named beneficiaries, and the administrator of the
member, may interplead.   The Chases demur.

There is nothing in the plaintiff's position to prevent it from
maintaining the bill.   It has issued two certificates, it is true, by
which it promised the member to pay the fund to different per-
sons.   But so far as its relation to the member's administrator is
concerned, there is no possibility of its finding itself improvidently
committed to two contracts.   The second certificate binds it only
in case the second certificate is effectually substituted for the first,
and the first certificate stands unless the beneficiaries named in
the second are persons competent to take.   *Elsey* v. *Odd Fel-*

*lows' Relief Association,* 142 Mass. 224, 226. Both certificates, although in form different contracts in that they name different payees, concern the same obligation to pay two thousand dollars, and the obligation would not be void if the only attempted nomination of beneficiaries was invalid. *Rindge* v. *New England Aid Society,* 146 Mass. 286, 288.

There is no ground for objecting to the bill in the relation of the plaintiff to the beneficiaries. Apart from statute, they are strangers to the contract. The plaintiff does not stand as having attorned successively to the two sets of beneficiaries, as in the case of a bailee who either after a sale or in advance agrees to hold for the purchasers of goods in his possession. It has not issued two independent life policies to the two sets of defendants, as seemed possible in *National Ins. Co.* v. *Pingrey,* 141 Mass. 411, 414. Compare *Pingrey* v. *National Ins. Co.* 144 Mass. 374, 383. Apart from statute and the laws of the company, a member in naming or changing a beneficiary simply exercises an equitable right to declare a revocable trust in favor of any one he chooses in respect of a sum of money which the plaintiff has promised to pay. The *cestuis que trust,* if they can be said to have a right during the life of the member, claim only through him, and have no immediate relation with the company. The laws of the company, so far as they recognize this right of the member, are only declaratory, and neither they nor the certificate naming the beneficiaries make a subsidiary contract with the latter. If a statute creates a direct obligation between the company and the beneficiaries, it is not to be taken to affect the terms of liability. It regulates procedure and enforces the company's authority to discharge itself by paying them. It may give them a lien on the company's funds, but the conditions on which they are entitled to claim as beneficiaries are not touched. The company still owes but one sum, and is left indifferent between the claimants, being subject to but one liability, although it may be in doubt, on grounds of fact or law, or both, to whom it ought to pay. In the case at bar, so far as appears, the plaintiff had no notice that the second beneficiaries were not dependents, or otherwise legally named, even if they were not; and so far as it knew, the member was doing no more than she was entitled to do. The case is not affected by the allegation

that the Chases have paid the assessments and dues of the member since a certain date. The payments were made on behalf of the member, and under her contract with the company. They preserved the liability of the company to pay as the member lawfully might direct, but made no new contract and imposed no new liability. See *Shea* v. *Massachusetts Benefit Association,* 160 Mass. 289, 291; *Ætna Ins. Co.* v. *France,* 94 U. S. 561, 564.

The ground on which the demurrer is pressed is, that it is apparent on the face of the bill that the Chases are entitled to the money. If they be so, it would seem more for their advantage to give them a decree in this case, than simply to dismiss the bill, and leave them to an action at law if the company does not pay of its own free will. The remedy by interpleader is so beneficial, has been resorted to so commonly in cases of this sort, and the somewhat analogous but not identical jurisdiction under bills for instructions by trustees has been carried so far in this Commonwealth, that we are disposed to resolve any doubts in favor of the plaintiff. In this case there are some elements left uncertain by the bill. It is true that the charter of the plaintiff provides that the sum is to be paid to the member's family " or to be disposed of as he or she may direct," and that the laws of the corporation are not to be read as attempting to limit this absolute power of disposition. But the charter is granted under a general law of Tennessee, which is not before us, and which must be proved as a fact, so that if it be true, as contended on behalf of the Chases, that the validity of the designation of beneficiaries depends on the law of Tennessee alone, it cannot be decided at the present stage of the case. If either under the laws of Tennessee or by the statutes of Massachusetts it be necessary to decide whether the Chases were dependents or relatives or members of the family of the deceased, these facts do not appear.

*Demurrer overruled.*

*W. H. Powers,* for the plaintiff.
*G. L. Mayberry,* for the defendants.