BARNABAS CLARKE *vs.* RACHEL A. SCHWARZENBERG,
executrix, & another.

Suffolk.    March 12, 1895. — October 16, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Beneficiary Association — Certificate of Membership — Reinstatement of
Member — New Contract — Waiver of Forfeiture.*

The condition in a certificate of membership issued by a beneficiary association,
that, after a forfeiture, " said party may again renew his connection with the
association by a new contract made in the same manner as the first, or for valid
reasons to the officers of the association, (such as a failure to receive notice of
an assessment,) he may be reinstated by paying assessment arrearages," seems
to imply that, when the reinstatement is by a new contract, a new certificate
shall be issued, and that unless this is done the reinstatement is merely by way
of a waiver of the forfeiture.

If a member, before St. 1885, c. 183, of a beneficiary association fails, after the
statute, to pay assessments seasonably, and, upon his application, is reinstated
after each failure, but no new certificate of membership is issued, a creditor,
who is the beneficiary named in the certificate, cannot recover the proceeds of
the certificate, after the member's death, if the evidence tends to show that in
the several instances the reinstatement was by way of a waiver of the for-
feiture, and not by way of a new contract.

BILL IN EQUITY, filed February 3, 1894, and amended Octo-
ber 23, 1894, by the beneficiary in a certificate of membership
issued by the Massachusetts Benefit Association to Moses H.
Schwarzenberg, on May 5, 1855, against the first named defend-
ant as executrix of the will of Schwarzenberg, her husband, and
in her own right, and against the association.   After the former
decision, reported 162 Mass. 98, the case was heard by *Barker*, J.,
and, at the request of the parties, reported for the consideration
of the full court; such decree to be entered as justice and equity
may require.   The facts appear in the opinion.

The case was argued at the bar in March, 1895, and after-
wards was submitted on the briefs to all the judges.

*E. C. Bumpus*, (*R. F. Simes* with him,) for the plaintiff.

*A. Hemenway & W. N. Buffum*, for the first named defendant.

ALLEN, J.   It was held in 162 Mass. 98, that, under the
statutes in force when the certificate in this case was issued, a

member could not designate one who was merely a creditor as a beneficiary, and that there was nothing in the subsequent legislation which made the designation of Clarke valid; and that therefore, as the case then stood, the plaintiff was not entitled to recover any part of the proceeds of the certificate of membership. After that decision, the plaintiff was allowed to amend his bill by introducing certain new grounds upon which he sought to recover.

At the trial, it appeared that the member Schwarzenberg failed sixteen times to pay assessments seasonably, and upon his application was reinstated after each failure; but no new certificate was issued. On some of these occasions the overdue assessments were paid by the plaintiff; but this does not entitle him to recover upon the certificate. *United Order of the Golden Cross* v. *Merrick*, 163 Mass. 374, and cases there cited.

The justice before whom the case was tried found that in these several instances the reinstatement was by way of a new contract, and not by way of a waiver of the forfeiture; subject, however, to the question of law whether the evidence warranted that conclusion. Upon an examination of the evidence, a majority of the court is brought to the conclusion that it is not sufficient for that purpose.

The eighth condition in the certificate provides that after a forfeiture " said party may again renew his connection with the association by a new contract made in the same manner as the first; or for valid reasons to the officers of the association, (such as a failure to receive notice of an assessment,) he may be reinstated by paying assessment arrearages." This seems to imply that, when the reinstatement is by a new contract, a new certificate shall be issued, and that unless this is done the reinstatement is merely by way of waiver of the forfeiture.

The supposed new contract relied on by the plaintiff consisted of oral assurances of Olney, the defendant's soliciting agent, to the plaintiff, which were to the general effect that the policy would be ample security for what Schwarzenberg might owe him, and the pencil memorandum made by Litchfield, the secretary and assistant treasurer of the association, upon a small piece of paper which was pinned on to the original application of Schwarzenberg. This was as follows: " Mr. Olney says Clarke

ought to be protected; so do not assign policy without Clarke's consent.   Mar. 4, 1892.   E. S. Litchfield."   This was made by Litchfield in consequence of Olney's telling him that Clarke was a creditor and ought to be protected.   Litchfield had the custody of the papers of the association.   Nothing else was done in respect to the matter.

So far as appears, Schwarzenberg took no part in this transaction.   He did not surrender the original certificate, nor request a new one, nor know of what was done by Olney and Litchfield. His applications to the association are more consistent with · the theory that he sought a reinstatement under his existing certificate, than that he expected to have a new and independent contract of membership.   Even if it be assumed that it would be possible to make a new contract within the meaning of the eighth condition without issuing a new certificate, yet in that case it is obvious that it must be one which is understood by the parties to supersede the old contract, and take its place.   The facts in evidence show no intention on the part either of Schwarzenberg or of the association to supersede the old contract by a new one.   When an overdue assessment was paid on April 13, 1893, a conditional receipt was taken, which expressly recited that the money was received for an assessment on the policy, and it implies throughout that membership under that policy or certificate was reinstated.   When the last overdue assessment was paid, on June 12, 1893, Schwarzenberg furnished a health certificate, setting forth that his certificate of membership or policy of insurance had lapsed and become void for non-payment of assessments, and desiring that the same might be renewed; warranting that his health was then good, and that his answers and representations in his original application were true and still applicable; and adding that this warranty was made a part of the certificate or policy above referred to.   This all goes to show that both Schwarzenberg and the association acted on the basis of a reinstatement under the old certificate.

The payments above referred to were both made long after the date of the memorandum by Litchfield.   That memorandum was not in the form of a contract, and was not delivered to anybody, but was pinned on to the application, which remained with Litchfield, and seems to have been merely a memorandum

for the use of the association. Olney had no power to bind the association by a new contract, even if he had attempted to do so. He was merely a soliciting agent.

It seems probable that all parties acted under the mistaken supposition that the original assignment of the certificate by Schwarzenberg to Clarke was valid. However that may be, we see no sufficient evidence to warrant a finding that a new contract was made, as distinguished from a waiver of the forfeiture and a reinstatement under the original certificate; and the plaintiff is therefore not entitled to recover any part of the proceeds of the certificate.

The question of the plaintiff's right to be reimbursed out of the proceeds of the certificate for the premiums paid by him has not been argued, and is not now before us.

*Ordered accordingly.*