FANNIE CLARK *vs.* SUPREME COUNCIL OF THE ROYAL ARCANUM & others.

Suffolk. January 18, 1900. — July 2, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Fraternal Beneficiary Society — Death Benefit — Contention between Widow and Children of Former Wife.*

A bill in equity alleged that the plaintiff's husband had taken out a benefit certificate in a fraternal beneficiary society, in which the children of the husband by a former marriage were named as beneficiaries; that the husband promised the plaintiff to transfer the certificate to her; that subsequently, relying on the assurance that it had been transferred, she paid assessments on the certificate, from September 1, 1892, to January 30, 1899, to the amount of $330, and also at different times from June 5, 1892, to January 30, 1899, paid to him or on his account money to the amount of $5,000; that, under the laws of the society, the death benefit could have been made payable to her, and that the failure and neglect of her husband to make the certificate payable to her, and the statement that it was so payable, and the inducing her thereby to pay over to him and for his benefit the sum of $5,000, and to pay his dues and assessments, and to keep up his membership by making said payments, was a fraud upon her. The prayer was that the death benefit should be made payable to her, and that the society should pay to her the benefit fund, or that it might be decreed that the society or the other defendants should repay to her out of the fund the amount of assessments she had paid. *Held,* that the bill could not be maintained.

BILL IN EQUITY, by the widow of Louis H. Clark, against a fraternal beneficiary association incorporated under the laws of this Commonwealth and the children of said Louis H. Clark. The prayer was for an injunction restraining the society from paying out the benefit fund until it might be determined to whom it was payable, or that it should pay the same into court to await its further order ; that it might be decreed that the death benefit should be made payable to the plaintiff, or that the society or said other defendants should repay to her out of the fund the amount of assessments she had paid. The defendants demurred, assigning as ground therefor want of equity. The case was reserved by *Lathrop,* J. for the consideration of the full court upon the bill and the demurrers thereto. If the demurrers were sustained, the bill was to be dismissed ; otherwise it was to stand for hearing. The facts appear in the opinion.

The case was argued at the bar in January, 1900, and afterwards was submitted on briefs to all the justices.

*V. J. Loring,* (*S. B. White* with him,) for the plaintiff.

*J. H. Butler,* for the Supreme Council Royal Arcanum.

*F. B. Hemenway,* for the children of Louis H. Clark.

LATHROP, J. The plaintiff's husband, according to the bill, had taken out a benefit certificate in a fraternal beneficiary society, in which, as both sides assumed at the argument, the children of the husband by a former marriage were named as beneficiaries. Her husband promised the plaintiff to transfer this certificate to her. Subsequently, relying on the assurance that it had been transferred, she paid assessments on the certificate, from September 1, 1892, to January 30, 1899, to the amount of $330, and also at different times from June 5, 1892, to January 30, 1899, paid to him or on his account money to the amount of $5,000. The bill further alleges that, under the laws of the first named defendant, the death benefit could have been made payable to her, and that the failure and neglect of her husband to make the certificate payable to her, and the statement that it was so payable, and the inducing her thereby to pay over to him and for his benefit the sum of $5,000, and to pay his dues and assessments, and to keep up his membership by making said payments, was a fraud upon her. The bill prays that the death benefit shall be made payable to her, and

that the first-named defendant shall pay to her the benefit fund, or that it may be decreed that said defendant or the other defendants shall repay to her out of said fund the amount of assessments she has paid.

A majority of the court is of opinion that the bill cannot be maintained. So far as paying the assessments is concerned, it has been held that one who pays assessments at the request of the holder of a benefit certificate has no right in equity to have them repaid out of the fund. *United Order of the Golden Cross* v. *Merrick*, 163 Mass. 374. *Clarke* v. *Schwarzenberg*, 164 Mass. 347, 348.

Moreover, the policy of our law is that no contract shall be valid or legal which is conditioned upon an agreement or understanding that the beneficiary shall pay the dues or assessments, or either of them, for a member of a fraternal beneficiary corporation. Sts. 1888, c. 429, § 8; 1894, c. 367, § 8; 1898, c. 474, § 11. Apart from this, a death benefit fund is under our laws a peculiar species of property. It is not liable to attachment by trustee or other process, and cannot be seized, taken, appropriated, or applied by any legal or equitable process, nor by operation of law, to pay any debt or liability of a certificate holder, or of any beneficiary named therein. Sts. 1888, c. 429, § 15; 1894, c. 367, § 14; 1898, c. 474, § 17.

It is also to be considered that the dues and assessments have not been contributed to the death fund which it is sought to reach in this case. These dues and assessments have been paid to raise funds which paid the death benefits of other members who died before the plaintiff's husband. The fund in controversy here is raised by the society from those members who survived the plaintiff's husband; and the society and its members are interested in having the fund applied, according to the terms of the benefit certificate, in bettering the condition of those dependents of the deceased member, to whom he and the society had agreed that it should go, in the only form known to the law. To give it to the plaintiff would be to divert a charitable fund from the specific purpose for which it was raised, to a purpose not in any aspect charitable, so that restitution might be made for the consequences of a fraud perpetrated upon the plaintiff by her husband.

So far as the plaintiff relies upon a contract made between her and her husband, it was invalid under our laws, and cannot be enforced in equity. *Fowle* v. *Torrey*, 135 Mass. 87, where this question was elaborately considered. See also *Woodward* v. *Spurr*, 141 Mass. 283 ; *Porter* v. *Wakefield*, 146 Mass. 25 ; *Clark* v. *Patterson*, 158 Mass. 388. Nor can the fact that the wife survived her husband make that a good contract which was originally a nullity. *Kneil* v. *Egleston*, 140 Mass. 202. Nor does the subsequent marriage of the wife to the member revoke or in any way affect the contract which he had made with the society. *Massachusetts Catholic Order of Foresters* v. *Callahan*, 146 Mass. 391.

As to the $5,000, there is less ground for impressing a trust upon the death fund. There is no allegation that the $5,000 lent to her husband by the plaintiff constituted any part of the fund. On the contrary, the allegation is that she paid the money to or on account of her husband. To impose a trust upon a fund, the money must be identified as going into the fund. See *Springfield Institution for Savings* v. *Copeland*, 160 Mass. 380.

It is suggested that what has taken place operates as an estoppel against the defendants in favor of the plaintiff. But there is no more reason why a person not named in a benefit certificate should be substituted for one named, by the operation of an estoppel than by the operation of a contract or a will. Yet it is well settled law in this Commonwealth that in such cases a benefit certificate cannot be transferred except in the manner pointed out in the by-laws of the society. *Elsey* v. *Odd Fellows' Mutual Relief Association*, 142 Mass. 224. *Daniels* v. *Pratt*, 143 Mass. 216. *McCarthy* v. *New England Order of Protection*, 153 Mass. 314.

Where, however, the society does not object, and the transfer is prevented by the fraud of the beneficiary named in the certificate already issued, equity may afford relief. *Marsh* v. *American Legion of Honor*, 149 Mass. 512.

The facts in the principal cases relied on by the plaintiff in argument differ essentially from those in the case at bar. In *Jory* v. *Supreme Council American Legion of Honor*, 105 Cal. 20, Mrs. Jory took out a certificate payable to her daughter upon her own death, and handed the certificate to her daughter.

Subsequently the mother desired to surrender the certificate and obtain another, in which her son was to be named as beneficiary. She attempted to obtain the old certificate from her daughter, but the daughter refused to give it up, and kept and concealed the same. The mother then took all the steps required by the laws of the beneficiary society to obtain a new certificate. The society declined to issue a new certificate until the old one was surrendered. On the death of the mother, the society brought a bill in equity against the son and the daughter to determine to whom the money belonged. The case was decided on the ground that as the mother had done all in her power to procure a new certificate, equity would consider that to be done which ought to have been done ; but it was further said : " If the Legion of Honor was here as an aggressive party, insisting as against the claims of the son upon a strict compliance with its by-laws before it could be compelled to take money from its treasury, possibly a different question would be presented." Another ground upon which the case was put was the fraudulent conduct of the daughter in concealing the certificate ; and it was said that she could not take advantage of her own wrong.

In the case at bar, the plaintiff took no step for over six years to ascertain whether her husband's representations were true or false, nor did she make any effort to procure a transfer from the company. The children named in the certificate are innocent parties, guilty of no fraud ; and the society granting the certificate asserts its right that its laws shall be complied with.

In *Royal Arcanum* v. *Tracy*, 169 Ill. 123, a man borrowed a sum of money from his wife and took out a certificate in which she was named as beneficiary, which he gave her as security for the loan, and she retained it. Subsequently he made an affidavit that the certificate was lost, and obtained a new certificate naming other persons as the beneficiaries. It was held that the second certificate, having been obtained by fraud, could not prevail against the first certificate. It is to be noticed that under the statutes of Illinois, as construed by the court, a husband and wife may contract with each other except as to compensation for services. *Thomas* v. *Mueller*, 106 Ill. 36. *Crum* v. *Sawyer*, 132 Ill. 443. See also *Benard* v. *Grand Lodge of the*

*Ancient Order of United Workmen,* 13 So. Dak. 135, a case very similar to *Royal Arcanum* v. *Tracy.* These cases differ so widely from the case at bar that comment upon them is unnecessary.

We do not doubt that a wife may maintain a bill in equity against her husband in his lifetime to recover her separate property obtained from her by his fraud and coercion. *Frankel* v. *Frankel,* 173 Mass. 214. But the case at bar is not such a suit. The husband is dead, and her remedy, if any, is against his estate. As to whether she can maintain a bill in equity against the administrator we express no opinion, as this question is not before us. See *Houghton* v. *Butler,* 166 Mass. 547.

*Bill dismissed.*