MARTIN O'BRIEN & another *vs.* GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN OF MASSACHUSETTS, MARGARET T. SCANNELL, claimant.

Suffolk.  January 12, 1916. — March 3, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Fraternal Beneficiary Corporation. Interpleader. Contract*, Implied in law.

Where under a certificate issued by a fraternal beneficiary corporation a death benefit was due, but the person named in the certificate as beneficiary had died before the member and no other beneficiary had been designated by him, and it was provided by the by-laws subject to which the certificate was issued that, if no beneficiary was living and certain near relations were not living, the benefit should be paid to the "legal heirs" of the member, and where it appeared that the member had promised orally to his stepdaughter that the benefit should be paid to her, if she would pay the premiums and assessments on the certificate, and she had done so for fifteen years and up to the time of his death, it was *held*, that the benefit must be paid to the member's heirs at law.

In an action of contract against a fraternal beneficiary corporation for a death benefit, the defendant admitted its liability and paid the money into court, and

at its request a person who had paid the premiums and assessments on the member's certificate for many years and claimed to be entitled to the death benefit was allowed to interplead. After certain questions had been answered by the jury, the trial judge reported the case to this court, "such judgment to be ordered as the facts and law require." This court, in holding that the plaintiffs as matter of law were entitled to recover the benefit, *held also,* that the plaintiffs and the claimant should be treated as interpleading under R. L. c. 173, § 37, and that the claimant's claim for reimbursement for money paid for premiums and assessments should be passed upon.

Accordingly in such action above described, which was brought by the heirs at law on the certificate for the death benefit, where the defendant had paid into court the amount of the benefit and had caused the stepdaughter to be made a party as claimant, and where it was evident that but for the payments of premiums and assessments made by the claimant all rights under the certificate would have lapsed and the plaintiffs would have got nothing, it was *held,* that the claimant was entitled to be reimbursed for the amount of such payments with interest thereon.

CONTRACT by the heirs at law and next of kin of Patrick A. Quinlan, deceased intestate, to recover the amount of a death benefit upon a certificate issued by the defendant. Writ dated March 30, 1914.

The defendant in its answer admitted that it issued a beneficiary certificate upon the life of Patrick A. Quinlan and admitted its liability in the sum of $2,000. It alleged that Margaret T. Scannell, the claimant, made claim on the defendant for the whole or some part of the amount due upon the certificate, and that it had no interest in the subject matter. The defendant paid into court the sum of $2,000, and, on request of the defendant, Margaret T. Scannell was allowed to interplead. She filed a claim containing three counts.

The first count in substance alleged that, in consideration that the claimant should pay the premiums and assessments on the beneficiary certificate, the deceased Patrick A. Quinlan during his lifetime promised the claimant orally that she should receive the proceeds of the certificate after his death.

The second count in substance alleged that at the request of Quinlan the claimant paid the premiums and assessments in consideration of Quinlan's promises that she should be reimbursed out of the proceeds for the amount of money paid on premiums and assessments.

The third in substance alleged that at the request of Patrick A. Quinlan the claimant paid the premiums and assessments on

the beneficiary certificate, wherefore she was entitled to be reimbursed out of the proceeds of the certificate.

In the Superior Court the case was tried before *Lawton,* J. The claimant was the stepdaughter of Patrick A. Quinlan. Her mother, the wife of Patrick A. Quinlan, was named as beneficiary in the certificate. She died on July 5, 1911. Patrick A. Quinlan died on December 21, 1911, having designated no other beneficiary.

The claimant testified that during the lifetime of her mother, and for fifteen consecutive years before the death of Patrick A. Quinlan, he frequently made oral promises to her that, if she would pay the premiums and assessments demanded by the defendant from time to time, at his death she would receive the whole amount of the beneficiary certificate. The claimant said that she did not want to be made the beneficiary of the policy while her mother lived.

Section 11 of Law XIX of the defendant was as follows:

"If one or more of the beneficiaries shall die during the lifetime of the member, the surviving beneficiary or beneficiaries shall be entitled to the benefit equally, unless otherwise provided in the Beneficiary Certificate; and if all the beneficiaries shall die during the lifetime of the member, and he shall have made no other legal designation, and he shall leave a widow, and no minor children surviving him, the benefit shall be payable to his widow; if he leave a widow and a minor child, or minor children, surviving him, the benefit shall be paid to his widow and surviving minor child, or to his widow and such surviving minor children share and share alike; if he leave no widow surviving him, then said benefit shall be paid share and share alike to his children; his grandchildren living at the time of his death to take the share to which their deceased parents would be entitled if living; if there be no children or grandchildren of the deceased member living at the time of his death, then said benefit shall be paid to his mother, if living, and if she be dead at the time of his death, then to his father, if living, and should there be no one living at the death of the member entitled to said benefit under the provisions hereof, then the same shall be paid to his legal heirs."

Patrick A. Quinlan left no widow, no child, no grandchild, no mother and no father. The plaintiffs were his heirs at law.

The judge submitted to the jury four questions in writing, which, with the answers of the jury to them, were as follows:

"1. Did Mrs. Scannell and the intestate Quinlan enter into a contract to the effect that if Mrs. Scannell should keep the policy alive and in force by paying the dues and assessments thereon during the life time of said Quinlan, she should, in consideration therefor, receive the proceeds of the policy upon his death?" The jury answered, "Yes."

"2. Was such a contract in force at the time of said Quinlan's death?" The jury answered, "Yes."

"3. Did Mrs. Scannell perform in full her part of the contract?" The jury answered, "Yes."

"4. What sums, if any, with interest thereon, do you find Mrs. Scannell paid at the request of the intestate Quinlan by way of dues and assessments to keep alive the policy in question?" The jury answered, "$745.28."

The plaintiffs asked the judge to charge the jury, that on all the evidence of the case, and as a matter of law the verdict should be for the plaintiffs. The judge refused so to rule. He denied a motion of the plaintiffs for a new trial and agreed to report the case; whereupon the parties waived further proceedings before a jury and submitted the case to the judge on the pleadings, the questions to and answers of the jury and the by-laws of the defendant. The judge found and ordered judgment for the claimant in the sum of $1,992.17 and awarded costs to the defendant in the sum of $7.83, with the further order that the case be reported for determination by this court, "such judgment to be ordered as the facts and the law require."

If the ruling was right, judgment was to be entered for the claimant on the verdict. If the claimant was entitled only to a reimbursement of the sums actually paid out by her for dues and assessments, with interest to the date of the verdict, judgment was to be entered for the claimant in the sum of $745.28 and for the plaintiffs in the sum of $1,246.89 and costs were to be allowed to the defendant in the sum of $7.83. If the claimant was entitled to no recovery whatever, judgment was to be entered for the plaintiffs in the sum of $1,992.17 and costs were to be allowed to the defendant in the sum of $7.83. If the claimant was entitled to a reimbursement of the sums paid out by her for dues and assess-

ments without interest, to wit, $492.04, judgment was to be entered for the plaintiffs in the sum of $1,500.13 and costs were to be allowed to the defendant in the sum of $7.83.

*P. B. Kiernan,* for the plaintiff.

*A. P. Mills, (D. E. Hall* with him,) for the claimant.

BRALEY, J. By the defendant's general laws and by-laws which were incorporated in the "beneficiary certificate" or contract, the original beneficiary, the wife of the assured, having predeceased him and no further designation of a beneficiary having been made, the plaintiffs as his sole heirs at law are entitled to the fund notwithstanding his parol promise to the claimant, his stepdaughter, that if she would pay the assessments as they fell due she should receive the proceeds of the certificate at his death. *Ulman* v. *United Order of the Golden Cross,* 220 Mass. 422, 427. *Pease* v. *Royal Society of Good Fellows,* 176 Mass. 506. *Daniels* v. *Pratt,* 143 Mass. 216. *American Legion of Honor* v. *Perry,* 140 Mass. 580. Pub. Sts. c. 115, § 8. St. 1882, c. 195, § 2. See R. L. c. 119, § 6.

But, if the plaintiffs' request that as matter of law they were entitled to a verdict should have been given, the case is before us on the report of the presiding judge under which justice may be done between the parties. The fund has been paid into court by the defendant, and the plaintiffs and the claimant should be treated as interpleading under R. L. c. 173, § 37.

It is evident that but for the payments which the claimant made, the certificate would have lapsed, and the plaintiffs would not have received anything. The advances were made on the express promise of the decedent under whom the plaintiffs claim, and, having been beneficial in the preservation of their property interests, the claimant should be reimbursed for both principal and interest. *Unity Mutual Life Assurance Association* v. *Dugan,* 118 Mass. 219. *Haggerty* v. *McCanna,* 10 C. E. Green, 48. *West* v. *Reid,* 2 Hare, 249. *Gill* v. *Downing,* L. R. 17 Eq. 316.

The cases of *Clark* v. *Royal Arcanum,* 176 Mass. 468, *United Order of the Golden Cross* v. *Merrick,* 163 Mass. 374, and *Clarke* v. *Schwarzenberg,* 164 Mass. 347, are plainly distinguishable. In the first case the suit was against the society to recover the amount of the certificate or the amount of assessments which the plaintiff had paid in reliance on the promise of her husband to transfer the certificate to her. It was held that no rights had been acquired in

the certificate, or to the proceeds by force of the agreement. See *Kerr* v. *Crane,* 212 Mass. 224, 226. In *United Order of the Golden Cross* v. *Merrick,* where there were rival claimants the court decided that the fraternal order could maintain a bill of interpleader, and in *Clarke* v. *Schwarzenberg* the plaintiff's right to reimbursement for premiums voluntarily paid was expressly left undetermined.

By the terms of the report the plaintiffs are to have judgment in the sum of $1,246.89 with costs to the defendant taxed at $7.83, while judgment is to be entered for the claimant in the sum of $745.28.

*So ordered.*