ADELINE LAMOTHE & another *vs.* SOCIÉTÉ ST. JEAN BAPTISTE
& claimant.

SAME *vs.* SOCIÉTÉ LAURIER & claimant.

Middlesex.    December 11, 1922. — March 1, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Fraternal Beneficiary Association.*

The provisions of St. 1913, c. 617, § 1, relating to a substitution of a different
beneficiary in a certificate of death benefit, do not authorize a member of a
fraternal beneficiary association to designate as the beneficiary in the first or
original certificate of death benefit a person who is not included in the descrip-
tion, "the wife, husband, relative by blood, father-in-law, mother-in-law,
son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, betrothed,
children or parents by legal adoption" of the member or a person dependent
upon the member; and a designation so made is void.

The fact that a member of a fraternal beneficiary association, having caused a
designation of a beneficiary to be made in his original certificate of death benefit
which was void because outside of the class named in St. 1911, c. 628, § 6, as
amended by St. 1913, c. 617, § 1, directs by his will that the sum covered by
the certificate should be paid to the person therein named, does not entitle such
person to the fund.

A by-law of a fraternal beneficiary association was as follows: "The Society pays
the beneficiary mentioned in the certificate of endowment of the deceased
member, as many dollars as there are members belonging to the Society at the
death of said member. If there is no certificate of endowment, the Society will
pay the death benefit to the heirs-at-law." A member caused a designation of
beneficiary to be made in his original certificate which was void because outside
of the class permitted by St. 1911, c. 628, § 6; St. 1913, c. 617, § 1, and two
sisters of the member after his death sought to recover the death benefit in an
action against the association. At a trial of the action, it did not appear that
the plaintiffs were the sole heirs at law of the member, and it was *held*, that
even if it be assumed that, under the by-law or the statutes, the heirs at law
could maintain an action at law for the death benefit, it was proper in the cir-
cumstances to refuse a request for a ruling that "the heirs-at-law of the de-
ceased" were "entitled to take."

The by-laws of a fraternal beneficiary association provided that "at the death of
a member who has taken part in" the association "for at least one year the said
Society pays to the beneficiaries according to the certificate of endowment the
sum of $100." A member caused a designation of beneficiary to be made in his
original certificate which was void because outside of the class permitted by
St. 1911, c. 628, § 6; St. 1913, c. 617, § 1, and two sisters of the member after
his death sought to recover the death benefit in an action against the associa-
tion. At the trial of the action, there was no evidence of a by-law of the asso-
ciation providing for the payment of the fund to the member's heirs at law if

no benefit certificate was issued. *Held,* that a request for a ruling that, after the death of the member, his "heirs-at-law" were "entitled to take," properly was refused.

TWO ACTIONS OF CONTRACT, each upon a certificate of death benefit issued by the defendant therein to Alexis Lapointe. The plaintiffs in each action were two sisters of the decedent. Writs dated July 10, 1920.

In each action, the defendant interpleaded, and Albina Leveillee was summoned to defend as claimant to the funds in the hands of the defendant.

In the Superior Court, the actions were heard together by *Hammond,* J., without a jury. Material facts and requests by the plaintiff for rulings are described in the opinion. The judge ruled that "the clause which by St. 1913, c. 617, was inserted in St. 1911, c. 628, § 6, by way of substitution is to be construed liberally and is intended to give to a member of a fraternal beneficiary society the right to designate any person as a beneficiary in case (1) no previously designated beneficiaries are then in existence and (2) no husband, wife, betrothed, child, child by legal adoption, parent, parent by legal adoption, or persons dependent upon the member is then living;" that "so far as concerns the giving of this right to travel outside the restricted class to which a member would otherwise be confined, it is of no consequence why there may be a failure of previously designated beneficiaries, whether because of death or because of a void designation or because no designation has ever been made;" that the plaintiffs were not entitled to recover and that the claimant was entitled to judgment. In both actions there were findings for the claimant, in the first in the sum of $496 and interest, and in the second in the sum of $100 and interest; and the plaintiffs alleged exceptions.

The cases were submitted on briefs.

*R. H. Beaudreau & E. T. Simoneau,* for the plaintiffs.

*H. S. Fay,* for the claimant.

CARROLL, J. In the first action the plaintiffs in an action of contract seek to recover a death benefit of $496, payable on the death of Alexis Lapointe, their brother. The defendant is a "fraternal beneficiary organization" authorized to transact business in this Commonwealth. Lapointe died August 29, 1919. At the time of his death, and for a long period of years, he was a

member in good standing of the defendant society. By virtue of his membership, the death benefit was payable on his death. On August 23, 1919, a certificate was executed according to the laws of the society, payable to Albina Leveillee, his niece by marriage, the claimant, and by his will, duly allowed, this fund was bequeathed to her. No certificate "had been signed by the said Lapointe making any other person beneficiary prior to the certificate appointing the said claimant." When Lapointe died, and at the time when the certificate issued, he had no wife, no betrothed or child, or a child by legal adoption, no parent or parents by legal adoption, nor was any person dependent upon him at the time. The by-laws of the society provide, "If there is no certificate of endowment, the society will pay the death benefit to the heirs at law."

The second action is to recover $100 on a death certificate issued August 23, 1919, to Alexis Lapointe, in which the claimant Albina Leveillee was designated as beneficiary. "No certificate had been signed by the said Lapointe making any other person beneficiary prior to the certificate appointing the said claimant." The defendant is authorized to carry on business in the Commonwealth as a fraternal beneficial association. Its by-laws provide that on the death of a member the society will pay $100 to "the beneficiaries according to the certificate of endowment."

In each action the defendant interpleaded and the claimant appeared and answered. The judge found for the claimant, and the case is before us on the plaintiffs' exceptions. The plaintiffs, in each action, requested the trial judge to rule:

"2. That the designation of a beneficiary of a death benefit fund in the defendant association, to be valid, must be a person within the classes prescribed by statute and by the by-laws of the association and the limitation of a beneficiary cannot be extended beyond the classes named in the statute.

"3. That in contemplation of law, the interest in the death benefit fund which the deceased had was a power of appointment, and the power of appointment which he had was a limited one. He was limited in making the appointment to his widow, children, relatives by blood, dependents, and other classes named in the statute."

These requests were refused and the plaintiffs excepted.

A fraternal beneficiary society may issue a benefit certificate, but it must be payable to a person within the class prescribed by statute. *O'Brien* v. *Massachusetts Catholic Order of Foresters*, 220 Mass. 79. *O'Brien* v. *Ancient Order of United Workmen*, 223 Mass. 237. St. 1911, c. 628, § 6, as amended by St. 1913, c. 617, § 1, enacts that death benefits of such societies shall be payable only "to the wife, husband, relative by blood, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, betrothed, children or parents by legal adoption, or to a person or persons dependent upon the member." The claimant was a niece by marriage of the member. She did not come within the class mentioned in the statute, to any of whom the benefit could be payable. As was said in *O'Brien* v. *Massachusetts Catholic Order of Foresters, supra:* "In contemplation of law the only interest . . . which the deceased . . . [Alexis Lapointe] had was a power of appointment and the power of appointment which he had was a limited one. He was limited in making the appointment," to the persons named in the statute.

St. 1913, c. 617, § 1, also provides that "Within the above restrictions each member shall have the right to designate his beneficiary, and, from time to time, have the same changed in accordance with the laws, rules or regulations of the society; . . . provided, that any society may, by its laws, limit the scope of beneficiaries within the above classes. If a benefit certificate has been lawfully issued and the beneficiary therein named and the husband, wife, betrothed, child, child by legal adoption, parent, parent by legal adoption, or persons dependent upon the member named in the benefit certificate have all died, the member, with the consent of the officers of the corporation and under such rules as they may prescribe, may have any other person substituted as beneficiary therein." Under the proviso of the statute a certificate may be made payable to one not within the designated class, but this is permitted only when a certificate has first been lawfully issued in accordance with the terms of the statute. If such a certificate has been lawfully issued, and if the beneficiary is dead and those mentioned in the proviso also are dead, the member could designate any other person as beneficiary, although he had relatives by blood — a father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother or stepchildren

who were alive and were within the class specified, who could take as beneficiaries under the first certificate.

Whatever may have been the reasons for the enactment of this statute and the proviso referred to, it did not authorize the member in the first or original certificate to go beyond the class designated in the section of the statute. The proviso of the statute was limited to a case where the original certificate was lawfully issued and payable to one of the persons who could be named as beneficiary. If that person dies and there are none of the persons named in the proviso living, then the member is free to name any person as his beneficiary. In the case at bar, no certificate was issued to the deceased in either of the societies, although he had been a member of the Société St. Jean Baptiste since 1883 and a member of Société Laurier "for a long period of years" until August, 1919; when the certificate was issued for the first time and it was payable to his niece by marriage, Albina Leveillee. In our opinion this certificate was not in accordance with the statute. It was the original certificate. The beneficiaries were limited to a specified class. The beneficiary named did not come within that class and cannot recover as such beneficiary.

It is plain that the member intended the claimant should be his beneficiary; but the language and meaning of the statute for the regulation of fraternal benefit societies did not permit him to name any one whom he desired as his beneficiary. He was confined to the class mentioned in the statute and he could not go outside that class. *Kerr* v. *Crane,* 212 Mass. 224. *Davis* v. *McGraw,* 206 Mass. 294. *Lavigne* v. *Ligue des Patriotes,* 178 Mass. 25. *Sargent* v. *Knights of Honor,* 158 Mass. 557, is not in conflict.

The fact that the benefit fund was bequeathed in his will to the claimant does not help her case. She was not within the class designated, even if the fund could be disposed of by will. See *American Legion of Honor* v. *Perry,* 140 Mass. 580.

The plaintiffs' second and third requests should have been given.

The plaintiffs' sixth request in the case against the Société St. Jean Baptiste was as follows: "That where the by-laws of a fraternal beneficiary organization provided that 'The Society pays the beneficiary mentioned in the certificate of endowment of the

deceased member, as many dollars as there are members belonging to the society at the death of said member. If there is no certificate of endowment, the Society will pay the death benefit to the heirs-at-law' and that where a person designated by the deceased member is not within the classes of persons mentioned in the statute the designation is invalid, and the heirs-at-law of the deceased are entitled to take."

The sixth request in the case against Société Laurier is as follows: "That where the by-laws of a fraternal beneficiary organization provide that 'at the death of a member who has taken part in the Société Laurier for at least one year the said Society pays to the beneficiaries according to the certificate of endowment the sum of One Hundred Dollars ($100.00)' and that where a person designated by the deceased member is not within the classes of persons mentioned in the statute the designation is invalid, and the heirs-at-law of the deceased are entitled to take."

Even if it be assumed that under the by-laws of the Société St. Jean Baptiste, the member's heirs at law could maintain an action at law, see *O'Brien* v. *Ancient Order of United Workmen, supra; Davis* v. *McGraw, supra; American Legion of Honor* v. *Perry, supra; Shea* v. *Massachusetts Benefit Association,* 160 Mass. 289, it is not shown that the plaintiffs were the sole heirs at law of the member, and for this reason the sixth request was refused properly.

The record does not show that there was a by-law of the Société Laurier providing for the payment of the fund to the member's heirs at law, if no benefit certificate was issued. The by-law provided merely that the money was to be paid "according to the certificate of endowment." The sixth request in the case against Société Laurier was properly refused. See *Shea* v. *Massachusetts Benefit Association, supra; Doherty* v. *A. O. H. Widows' & Orphans' Fund,* 176 Mass. 285.

The seventh request in each case was inapplicable and was properly refused.

*Exceptions sustained.*