MARION E. MAKLLER *vs.* INDEPENDENT WORKMEN'S CIRCLE OF AMERICA, INCORPORATED, & others.

Suffolk.   November 20, 1925. — March 13, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Insurance,* Fraternal beneficiary. *Fraternal Beneficiary Corporation. Words,* "Next of kin."

A by-law of a fraternal beneficiary corporation provided: "If a member fails to designate a beneficiary on his application, or in case his designated beneficiary dies or disappears previous to the decease of said

member, and said member does not appoint another beneficiary, then his Death Benefit shall be paid to the next of kin according to" St. 1911, c. 628, § 6. A policy was issued to a member payable to his brother. The brother died before the insured. The insured was survived by his widow, two sisters and two children of the deceased brother. In an action by the widow upon the policy, claims were filed by the two sisters of the deceased and by the children of the deceased brother. There was a finding for the plaintiff for the amount of the policy. The two sisters appealed. *Held,* that

(1) The beneficiary named in the policy having no vested interest, his children were not beneficiaries unless they came within the class designated as the next of kin of the member;

(2) "Next of kin" in the by-law meant blood relations;

(3) The sisters were entitled to the proceeds of the policy, excluding the widow and the children of the deceased brother.

CONTRACT by the widow of Moses Makller, for a death benefit under a policy issued to her husband. Writ in the Municipal Court of the City of Boston dated October 5, 1922.

Two sisters of the plaintiff's husband and two children of a brother, in the circumstances described in the opinion, appeared as claimants. The action was heard in the Municipal Court on an agreed statement of facts. Material facts are described in the opinion. The judge found for the plaintiff in the sum of $500, and, at the request of those claimants who were sisters of the plaintiff's husband, reported the case to the Appellate Division, by whose order the report was dismissed. Those claimants then appealed.

*E. S. Crockett,* for Lizzie Weiner and Ida Raymond, claimants, submitted a brief.

No argument nor brief for the plaintiff.

SANDERSON, J. The plaintiff, widow of Moses Makller, brings this action to recover a $500 death benefit under a policy, issued by the defendant, a fraternal beneficiary corporation organized under the laws of Massachusetts, wherein his brother Harry; who predeceased him, was designated as beneficiary and in whose place no beneficiary was thereafter named. In its answer the defendant stated that its only interest in the controversy was to ascertain to whom the death benefit legally should be paid. Two sisters of the deceased and two children of the brother Harry appeared and filed answers as claimants. A by-law of the corporation

provided that "If a member fails to designate a beneficiary on his application, or in case his designated beneficiary dies or disappears previous to the decease of said member, and said member does not appoint another beneficiary, then his Death Benefit shall be paid to the next of kin according to Section 6, Chapter 628 of the Acts of Massachusetts of 1911." The section referred to, so far as material to this decision, is in the following terms: "Death benefits shall be payable only to the wife, husband, relative by blood, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, betrothed, children of parents by legal adoption of or to a person or persons dependent upon the member . . . . Within the above restrictions each member shall have the right to designate his beneficiary . . . and no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable upon the death of the said member . . . any society may, by its laws, limit the scope of beneficiaries within the above classes." The trial judge found for the plaintiff and denied the requests for rulings by the sisters of the deceased member, to the effect that they were the next of kin and as such are entitled to recover.

The beneficiary named in the policy having no vested interest, his children are not beneficiaries unless they come within the class designated as the next of kin of the member. St. 1911, c. 628, § 6. *Haskins* v. *Kendall,* 158 Mass. 224. *Anthony* v. *Massachusetts Benefit Association,* 158 Mass. 322. The words "next of kin" mean nearest blood relatives. *Keniston* v. *Mayhew,* 169 Mass. 166. *Bailey* v. *Smith,* 222 Mass. 600. St. 1911, c. 628, § 6, does not define next of kin, or name any group who are the nearest blood relations. Its purpose is to designate those who may be named as beneficiaries. Obviously the by-law was not intended to mean that all persons named in the statute should share in a policy as beneficiaries or that there should be an equal division of the fund among all relatives by blood. Relatives in the most remote degree would not be referred to as next of kin. The by-law contains no reference to the statute of distributions. No sufficient reason appears to justify the construc-

tion that beneficiaries were to be selected in the order named in the statute. The apparent reason for referring to St. 1911, c. 628, § 6, was to make it certain that the corporation was acting within the authority thereby conferred and that only those who might take legally should be beneficiaries. Inasmuch as next of kin are included in the larger class of relatives by blood, named therein, the words are to be given their ordinary meaning of nearest relatives by blood. *Sherburne* v. *Howland,* 239 Mass. 439, 442. The corporation, in making a by-law that would apply to all cases which might arise, well may have decided that this provision for next of kin would best effectuate its benevolent purpose. This interpretation in case the member left children would make them beneficiaries in preference to a husband or a wife.

The order dismissing the report is reversed, and judgment for $500 is to be entered for the two sisters of the deceased, Lizzie Weiner and Ida Raymond.

*So ordered.*