KATHERINE SAVICZKI *vs.* THE POLISH NATIONAL KOSCIUSZKO ASSOCIATION OF MASSACHUSETTS, INCORPORATED.

Suffolk.  November 15, 1927. — January 4, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Insurance,* Fraternal beneficiary.  *Marriage and Divorce.  Contract,* Construction.

The by-laws of a beneficiary corporation operating under the provisions of G. L. c. 176 provided that, in the event of the death of a member, "his beneficiary shall receive from the treasurer a sum of two hundred dollars"; there was no provision specifying any person or persons to whom the money should be paid in the event of a failure by a member to make a valid designation of a beneficiary, or in the event of the non-existence of such designated beneficiary at the time of the death of the member. A member designated his wife in Poland as beneficiary. Later, he obtained a divorce from her and legally married another woman but made no change of beneficiary with the corporation. Upon

his death in good standing with the corporation, the second wife brought an action for the death benefit, claiming to be entitled thereto as widow of the member. *Held,* that

(1) The divorced wife was not entitled to the benefit by reason of G. L. c. 176, § 21;

(2) The plaintiff, not being designated as a beneficiary either by the deceased member, by statute, or by the organic law of the defendant, could not recover the benefit.

CONTRACT against a fraternal beneficiary corporation, originally brought by the administratrix of the estate of Stanislaw Saviczki, and, as amended, by the plaintiff as his widow. Writ in the Municipal Court of the City of Boston dated November 23, 1926.

The action was heard in the Municipal Court upon an agreed statement of facts. Material facts are stated in the opinion. There was a finding for the defendant and the case was reported to the Appellate Division. The report was ordered dismissed and the plaintiff appealed.

*S. I. Jacobs,* for the plaintiff.

*S. W. Wisnioski,* for the defendant.

RUGG, C.J.   This is an action to recover a benefit alleged to be due because of the death of Stanislaw Saviczki, at that time a member in good standing of the defendant with all dues fully paid. The plaintiff bases her claim wholly on the ground that she is the widow of the deceased member. The defendant is a fraternal beneficiary corporation operating, so far as shown by the record, under G. L. c. 176. The case was submitted upon an agreed statement of facts in substance as follows: When the deceased member joined the defendant association he had a wife and two children living in Poland. He made a designation of the wife living in Poland as his beneficiary to the death benefit, and he never made any other designation. The defendant pays a benefit of $200 upon the death of any member to "his beneficiary." There is no compulsory rule or regulation of the defendant specifically requiring a member to designate or to change beneficiaries. After becoming a member of the defendant, Stanislaw Saviczki obtained a divorce from his wife living in Poland and thereafter was legally married to the plaintiff, whom he lived with and supported up to the time of his

death. Claim for the death benefit has been made upon the defendant by the former wife living in Poland and by the plaintiff.

So far as disclosed on this record, the by-laws of the defendant simply provide that, in the event of the death of any member, "his beneficiary shall receive from the treasurer a sum of two hundred dollars." No provision of the by-laws is shown specifying any person or persons to whom the money shall be paid in the event of a failure by a member to make a valid designation of a beneficiary, or in the event of the nonexistence of such designated beneficiary at the time of the death of the member.

The purpose of the provisions of G. L. c. 176, § 21, is to describe certain classes of persons, chiefly relatives, who may be named by a member as his beneficiary. *Makller* v. *Independent Workmen's Circle,* 255 Mass. 252, 254. *Lamothe* v. *Société St. Jean Baptiste,* 244 Mass. 189, 193. But neither that section nor any other clause of said chapter declares the person or persons to whom the money shall be paid in the event of failure of the member to make a valid designation operative at the time of his death.

It is plain that the wife living in Poland designated as beneficiary lost her rights under that designation when the divorce obtained by the member against her became absolute. She then ceased to be within any of the beneficiaries permitted by G. L. c. 176, § 21. *Tyler* v. *Odd Fellows' Mutual Relief Association,* 145 Mass. 134, 136.

The case presented, therefore, is one where the only provision in the by-laws of the defendant for payment of the death benefit is to the person designated by the member, where the beneficiary named by the member has ceased to be one of the possible beneficiaries under the law because of events occurring subsequent to the original valid designation, and where neither the statutory law of the Commonwealth nor the organic law of the defendant makes provision for the payment of the benefit to any person in the absence of a valid designation of a beneficiary by the member.

The result plainly follows that the plaintiff is not entitled to recover. The case is governed by *Cook* v. *Supreme Con-*

*clave Improved Order Heptasophs,* 202 Mass. 85, 87, 88, where authorities are collected. *Supreme Colony, United Order of the Pilgrim Fathers* v. *Towne,* 87 Conn. 644, 649, 650. *District Grand Lodge No. 18* v. *Cothran,* 156 Ga. 631. *Golden Star Fraternity* v. *Martin,* 30 Vroom, 207, 216, 217. *Hellenberg* v. *District No. 1 of Independent Order of B'nai Berith,* 94 N. Y. 580, 586.

*Order dismissing report affirmed.*