KATHERINE SAVICZKI, administratrix, *vs.* THE POLISH NATIONAL KOSCIUSZKO ASSOCIATION OF MASSACHUSETTS, INCORPORATED.

Suffolk.   February 6, 1929. — February 9, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Insurance,* Fraternal beneficiary.   *Evidence,* Presumptions and burden of proof.   *Corporation,* Fraternal beneficiary.

At the trial of an action of contract by an administrator against a defendant described in the writ as "a fraternal corporation, duly organized by law, with its usual place of business in Boston," to recover a death and funeral benefit, it appeared that the purpose of the defendant was

to pay such a benefit; that the plaintiff's intestate at the time of his death was a member of the defendant corporation and had made himself subject to its rules; and that no death and funeral benefit had been paid to the plaintiff. There was no evidence of the provisions of the defendant's charter, by-laws, rules and regulations. The trial judge ordered a verdict for the defendant. *Held,* that

(1) The description of the defendant in the writ carried the implication that it was organized pursuant to G. L. c. 176, or to preëxisting laws of the same general nature;

(2) The evidence did not warrant a finding that the plaintiff was entitled to be paid anything by the defendant;

(3) The verdict properly was ordered for the defendant.

CONTRACT. Writ dated January 17, 1928.

Material evidence at the trial in the Superior Court before *Walsh,* J., is described in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant, and the plaintiff alleged an exception.

*S. I. Jacobs,* for the plaintiff.

No argument nor brief for the defendant.

RUGG, C.J. This is an action of contract by the plaintiff, as administratrix of the estate of her deceased husband, to recover a funeral fund of $200 claimed to have become due and payable on the death of her intestate. The defendant is described in the writ as "a fraternal corporation, duly organized by law, with its usual place of business in Boston." It appeared that the purpose of the defendant association is to pay a death and funeral benefit not exceeding $200. The plaintiff's intestate became a member of the defendant association in 1922, and paid his dues as long as he lived. Seasonable notice of his death was given to the defendant. The plaintiff has paid $200 as funeral expenses for the burial of the member. Interrogatories put to the defendant were read by consent, wherein it answered that whether the deceased member was entitled to the rights and privileges stated in the charter was for the court to decide, and answered "No" to a question whether its charter provided "that in case of death of a member, a death and funeral benefit not exceeding two hundred dollars is to be paid to whomsoever is entitled thereto." It admitted that no death or funeral benefit had been paid to the plaintiff and that the intestate, upon joining the association, made him-

self subject in writing to its rules. There was no other evidence touching the provisions of the charter of the defendant or of its by-laws, rules or regulations.

The description of the defendant in the writ carries the implication, in view of the statutes of this Commonwealth concerning the general subject, that it was organized pursuant to G. L. c. 176, or preëxisting laws of the same general nature. Respecting a somewhat similar claim made by executors against such a corporation, it was said in *Cook* v. *Supreme Conclave Improved Order Heptasophs*, 202 Mass. 85, 87, 88, that the member may designate the beneficiary to whom the death benefit may be paid but that "he must keep within the classes of beneficiaries named in the statute; and a designation outside of these classes is invalid. *American Legion of Honor* v. *Perry*, 140 Mass. 580. *Daniels* v. *Pratt*, 143 Mass. 216. In the last case the designation was the estate of the member. It was declared invalid, the court saying, 'If it were a part of his estate, it would be assets for the payment of debts and expenses of administration, and would be subject to an unrestricted disposition by will. But this is inconsistent with the statutes, and so beyond the power of the parties.' It thus appears that this fund is not created for the member, and that the only power he has over it is a limited power of appointment."

It was said in *Saviczki* v. *Polish National Kosciuszko Association of Massachusetts, Inc.* 262 Mass. 7, 9, "The purpose of the provisions of G. L. c. 176, § 21, is to describe certain classes of persons, chiefly relatives, who may be named by a member as his beneficiary. *Makller* v. *Independent Workmen's Circle*, 255 Mass. 252, 254. *Lamothe* v. *Société St. Jean Baptiste*, 244 Mass. 189, 193. But neither that section nor any other clause of said chapter declares the person or persons to whom the money shall be paid in the event of failure of the member to make a valid designation operative at the time of his death."

The evidence fails to show the person to whom, under the charter and by-laws of the defendant, the death and funeral benefit is payable. The evidence of the plaintiff did not go far enough to call upon the defendant to introduce evidence

in way of defence. *Bishop* v. *Pastorelli,* 240 Mass. 104, 107. The principle of *D'Addio* v. *Hinckley Rendering Co.* 213 Mass. 465 does not apply. The plaintiff did not introduce evidence sufficient to maintain the burden of proof as to the essential fact that as administratrix she was entitled to recover. The case of *Sargent* v. *Sargent,* 168 Mass. 420, upon which the plaintiff relies, is not relevant. It is manifest that under these settled principles of law the plaintiff has failed to show that she, as administratrix of the estate of the deceased member, has any right to recover the death and funeral benefit.

The plea of *res judicata* need not be considered because there was no evidence bearing on this point.

*Exceptions overruled.*