Hayes, J.
This is an action of contract begun by Cathrie Barton, Administratrix of the Estate of Stanley W. Barton, *114 vs. Boston Mutual Life Insurance Company and is an action to recover the proceeds of a life insurance on the life of Stanley W. Barton, and in which policy Elizabeth Hawkins was named beneficiary. She became a party to these proceedings as claimant.
The defendant, the Boston Mutual Life Insurance Company, admits that the amount stated in the policy is due and payable but asks the Court to determine to whom the same shall be paid. It is in fact only a stakeholder asking the Court to determine to whom the proceeds of the policy are to be paid.
The insured died without making any change of beneficiary under the policy. At the trial of the case it was admitted that the plaintiff was duly appointed Administratrix of the Estate of Stanley W. Barton; that there was a policy of insurance issued by the Boston Mutual Life Insurance Company upon the life of said Stanley W. Barton in the sum of $350.00; and that Elizabeth Hawkins, the claimant, was named beneficiary therein. The plaintiff, who is the widow of said Stanley W. Barton, testified that she and her husband had been estranged for a considerable number of years; that her husband lived with the claimant, his aunt, for a number of years prior to his death; and that so far as she knew the claimant paid all the premiums on the policy.
There was some evidence that prior to the death of the insured, there was some talk between the insured and the plaintiff in the presence of Flora Barton, daughter of the insured and the plaintiff, relative to a change of beneficiary; that the insured said he was going to change the policy and make his daughter, Flora, instead of Elizabeth Hawkins, the beneficiary therein; that he was going to do this because Elizabeth Hawkins had expelled him from her home; Elizabeth Hawkins was not present at this conversation.
*115 There also was testimony that the insured remained with the beneficiary, Elizabeth Hawkins, and was living in her home at the time of his decease; that Elizabeth Hawkins paid all the premiums on the policy; had furnished the insured with board and. lodging, and had advanced him money at times when he was out of employment; and that she did not expel the insured from her home.
The policy was introduced in evidence in which there was the following clause:
“On satisfactory proof of the death of the Insured made in the manner and to the extent required herein and upon surrender of the Policy and premium Receipt Books, the Company will pay the amount due hereunder, after deducting therefrom any indebtedness of the parties to this contract to the Company. The Company may make any payment or grant any non-forfeiture benefit provided herein either to the beneficiary, above-named, if living, or to such other living beneficiary as may be duly and finally designated, and recognized by endorsement hereon, or to the Executor or Administrator of said Insured or to any relative by blood or connection by marriage, or to any person appearing to the Company to be equitably entitled thereto by reason of having incurred expense in any way on behalf of the Insured for burial or for any other purpose; and the receipt of any such payee shall be conclusive evidence that payment has been made to the person or persons entitled thereto and that all claims under this policy have been fully satisfied.”
This was all the evidence offered at the trial. The plaintiff submitted the following Requests for Rulings:
“1. That there is sufficient evidence to warrant a finding for the plaintiff. 2. That the insurance company did not elect to pay under the provisions of its policy to the beneficiary named or to the administrator or to the administratrix, or to one who had paid the burial expenses etc. 3. That where the insurance company had filed a motion to interplead, it has thrown the burden of the election under the provi *116 sions of the policy on the court. 4. That suit can only be maintained by the administrator or the administratrix of the estate of the assured. 5. That the plaintiff has paid the burial expenses. 6. That there was an agreement between Florence Barton and the assured, 'Stanley W. Barton, to change the beneficiary under the policy. 7. That there was an agreement between Elizabeth Hawkins, the claimant, and the assured, Stanley W. Barton, to take care of the assured during his life in consideration of being named beneficiary under the policy, and that the claimant did not live up to her part of the agreement. ’ ’
The Court allowed the first Bequest; added: “If the evidence was believed”; allowed Bequests 2, 3 and 5, and denied 4, 6 and 7. The Court found for the claimant.
The plaintiff cited certain eases to the effect that only the administratrix could recover, viz., Lewis v. Metropolitan Life Insurance Company, 178 Mass. 52, and O’Brien v. Ancient Order of United Workmen, 223 Mass. 237.
In Lewis v. Metropolitan Life Insurance Company, 178 Mass. 52, there was no beneficiary named in the policy. In that case the Company in the policy agreed to pay the proceeds of the policy to any relative by blood or connection by marriage of the insured, or to any person appearing to said Company, (Metropolitan Life Insurance Company), equitably entitled to the same by reason of having incurred expense on behalf of the insured or for his or her burial. The policy in that case was on the life of one Esther Lewis, the mother of Abraham Lewis, who was the plaintiff. The Court held that the plaintiff had no rights under the policy, and among other reasons said that the clause to pay the sum due under the policy to any relative by blood or connection by marriage of the insured or to any person equitably entitled thereto having incurred expense for his or her burial does not entitle one to whom such payment might have been made, but who is not named as a beneficiary of *117 the policy, or otherwise designated as the person to receive the sum to be paid, to enforce payment of the sum due under it. In such a case a suit can be maintained only by the executor or administrator of the insured with whom the contract was made. It would appear from such statements that if a person was named as beneficiary in the policy and designated as the person who is to receive the sum to be paid, such person could maintain an action against the Company for the proceeds of the policy; and as the claimant in this case was the person so named, and the Court by its rulings on the Requests made by the plaintiff determined that the insured had made the claimant the beneficiary, and had not changed such beneficiary, the claimant could sue and as a claimant could recover in these proceedings.
In O’Brien v. Ancient Order of United Workmen, 223 Mass. 237, it appeared that the beneficiary named therein had predeceased the insured and no further designation of a beneficiary had been made. The plaintiffs in that case were the sole heirs at law of the insured. The beneficiary having deceased as above stated prior to the death of the insured, the plaintiffs claimed they were entitled to the funds notwithstanding a paroi promise of the insured to the claimant, his step-daughter, that if she would pay the assessments as they fell due, she should receive the proceeds of the certificate at his death. The claimant was not an heir at law of the insured; she claimed the proceeds of the policy because of the paroi promise of the insured. The claimant had paid a number of premiums, and because the policy would have lapsed and no recovery could have been made had not the premiums been paid, the Court allowed the claimant to recover the premiums she had paid on the policy, but she as a plaintiff, could not recover the proceeds of the policy; that only the heirs at law of the deceased could recover on the policy; that they were the only *118 persons entitled as plaintiffs, to bring action to recover. In that case, the wife of the insured had predeceased him and there were no persons living' designated in the policy as beneficiaries.
G-eneral Laws- (Ter. Ed.) 175, Section 125 provides:
“If a policy of life or endowment insurance is cf-' fected by any person on his own life or on another life, in favor of a person other than himself having an insurable interest therein, the lawful beneficiary thereof, other than himself or his legal representatives, shall be entitled to its proceeds against the creditors and representatives of the person effecting the same, whether or not the right to change the named beneficiary is reserved by or permitted to such person.”
See Tollman v. Crowell, 288 Mass. 397; see also Tyler v. Treasurer and Receiver General, 226 Mass. 306, cited in Tollman v. Crowell, in which later case it is stated:
“Whatever the insured does in way of designation of a beneficiary takes effect forthwith. If his act rightly be describable as a gift, it is a present gift which, so far concerns him, takes effect at once both in possession and enjoyment of the beneficiary . . . The insured has no title to the amount due on the policy. He does not and cannot make a gift of that. The right to that amount as an instant obligation does not spring into existence until after his death. Even then the money belongs to the insurer, who is charged with the duty by the contract to pay to the beneficiary.”
In the instant case although the plaintiff is the administratrix of the Estate of the insured, yet as the claimant is living and is the person named in the policy as beneficiary, she is entitled to the proceeds of the policy under the terms thereof. Had the Insurance Company paid her the proceeds of the policy, such payment would have been made in accordance with the terms of the contract of insurance, (the policy) made by it with the insured, and such payment *119 would have been a good defense to any proceedings brought against it by the administratrix of the insured. The Insurance Company made no payment, but asked the matter to be determined by the Court. The Court properly has determined that the proceeds of the policy should be paid by the Insurance Company to the beneficiary therein named.
No error of law appears, therefore, entry may be made. Report Dismissed.